11 GAIDRY, J.,
agrees and assigns additional reasons.
I join in all of the well-reasoned conclusions reached by the majority herein, with the following additional reasons.
My review of the trial court’s oral reasons for judgment does not reveal any basis for a conclusion that the court made a credibility determination in granting the motion in limine to exclude the testimony of the defense experts on the marijuana test results. Although not articulated in as precise a fashion as they could have been, the trial court’s reasons address the considerations of scientific validity under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and its progeny, and the practical interplay of La. C.E. arts. 403 and 702 in the exercise of the trial court’s sound discretion. The trial court obviously concluded that although the opinion testimony offered and the scientific methodology upon which it was based met the threshold criteria required for admission, its substantive content simply was not sufficiently probative on the issue of contributory negligence to outweigh the very real danger of unfair prejudice under art. 403. The evidence before the trial court on the issue supports the conclusion that the trial court did not abuse its discretion as gatekeeper in granting the motions related to that evidence and its related defense. Accordingly, it is unnecessary for us to reach the issue of whether any claimed error in that regard prejudiced the verdict and to undertake a preliminary or limited de novo review. The ultimate result reached on that assignment of error, however, is correct.